UNITED STATES DISTRICT COURT OF

THE DISTRICT OF COLUMBIA

GAYLE D. BROWN,

       PLAINTIFF,

    V.

DOUGLAS A COLLINS, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

       DEFENDANT.
810 Vermont Ave. NW. Suite 10 Floor
Washington DC. 20420

Civil Case No.

Case: 1:26-cv-00708    JURY DEMAND
Assigned To : Mehta, Amit P.
Assign. Date : 2/27/2026
Description: Employ. Discrim. (H-DECK)

## PLAINTIFF INTRODUCTION

On February 27, 2026, the attached EEO Discrimination complaint was filed at the United States District Court of the District of Columbia. The Plaintiff paid the associated fees and I have attached a copy of the receipt to verify payment.

The Plaintiff has worked for the Department of Veterans Affairs (VA) for over forty years. The Plaintiff has filed EEO complaints against the Agency for the last twenty years. In addition to the EEO discrimination complaints (2004-0029-2009102751, 2004-0020-2009104448, 2004-0020-2014103717, 2004-0020-2010104475 and 20DR-0020-2016104562), the Plaintiff currently has an appeal at the U.S. Court of Appeals for the District of Columbia Circuit (Court of Appeals No. 25-5102) and the Merit Systems Protection Board (MSPB), case number DC 1221240777W1. The Plaintiff has had several complaints reviewed by EEOC Administrative Judges, VA Final Agency Decisions (FADs) and the United States District Court of the District of Columbia. Whenever the Agency conducted FADs, they never found any of the RMO's responsible for their misconduct or mistreatment of the Plaintiff. The Agency submitted blank USPS Certified receipts which should have been completed through their automated system. The blank forms confirmed that the FAD's were not processed in a timely manner and they failed to have the appropriate information to prove timeliness. Sanctions should have been brought against the Agency due to untimeliness for responding to FAD's. In addition, the Plaintiff filed a list of Office of Accountability and

RECEIVED

FEB 27 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Whistleblower (OAWP) disclosures: (OAWP Cases 22 – Washington DC – 18099, 18884, 18888, 19555 and Cases 23 – Washington DC 20451, 21410, 21613, 21662, 21921, 22046, 22066, 22321, 22335, 22672, and 22681) as well as other whistleblower complaints with the White House (President Donald Trump, President Joe Biden and Vice President Kamala Harris, President Barack Obama), the Honorable Eleanor Holmes-Norton, the Office of Oversight of the Department of Veterans Affairs and Congress. Since OAWP is an office that is located within the Department, it doesn't surprise the plaintiff that the office has never found any of the RMO's responsible for their mistreatment, harassment or abuse towards the Plaintiff. It's understandable that these employees would side with the Agency considering that their paycheck is supplied by them and they are afraid to speak out or go against the Agency.  They realize that if they were to speak out against the mistreatment they too would have to contend with harassment and abuse from higher level Agency officials.

The Plaintiff has had to contend with abuse, harassment, discrimination, retaliation and a hostile work environment for many years. The most recent abuse has been at the hands of Ms. Lois Scoon (Previous Director, VBA EEO Liaison Office) and Ms. Vernell Washington (Supervisor, Eastern Division). Ms. Lois Scoon has previously worked for the EEOC and has been known to consult and confer with various colleagues by making anonymous reports against the Agency. She would also obtain assistance pertaining to her own personal EEO discrimination complaints that she filed as well. Therefore, it was not surprising to know that the EEOC Supervisory Judge issued a Summary Judgement in favor of the Agency. No doubt, she was also directed to deny my EEOC case.

## BACKGROUND INFORMATION

The Plaintiff has known Ms. Scoon for approximately twenty-two years and maintained a close friendship with the RMO for . seventeen years. When Plaintiff initially filed her first EEO discrimination complaint against the agency Ms. Scoon provided her with assistance. Thereafter, she consulted with and received guidance from Ms. Scoon with all of her other EEO discrimination complaints filed against the Agency.

In 2019, Ms. Scoon requested VBA management to allow the Plaintiff to serve on detail within ORM's VBA EEO Liaison Office. Once the Plaintiff performed in an outstanding manner, Ms. Scoon asked if she would be interested in securing a full-time permanent position within ORM. Ms. Scoon decided that since she knew that the Plaintiff had a physical disability, she could announce the position by using Schedule-A Authority. Considering that the Plaintiff was not knowledgeable about Schedule A-Appointments, Ms. Scoon provided informational assistance on what is a Schedule-A Appointment and specific requirements. Ms. Scoon also intervened by writing an email message to the Plaintiff's physician by providing instructions directly to her concerning Schedule A

Appointments. In addition, she also communicated with the physician via telephone. The Plaintiff has copies of all email messages relating to this exchange of information and dates Ms. Scoon spoke with her physician.

The Plaintiff and Ms. Scoon worked side-by-side for the first two years, and the Plaintiff received outstanding performance ratings as well as performance and time-off awards. During the third year, suddenly Ms. Scoon began criticizing the Plaintiff's work and complaining that she could not read, write or speak. No matter what she worked on, it was always done incorrectly and Ms. Scoon complained daily. This began in January 2021 over a Dr. Martin Luther King flyer. The Plaintiff participated in a discussion with Ms. Scoon for an entire day. Ms. Scoon was trying to downplay the Plaintiff's hard work that she had put into the flyer, however, the Plaintiff stood her ground defending her work of art. The entire conversation between Ms. Lois Scoon and Ms. Gayle Brown (Plaintiff) is documented on Microsoft Teams dated January 13, 2021. When the Plaintiff began speaking about comments that Ms. Scoon had made against other employees within the office, Ms. Scoon suddenly discontinued the conversation. Once Ms. Scoon began harassing the Plaintiff, she also decreased her performance rating to Fully Successful in 2021. Considering that the harassment and abuse took a toll on the Plaintiff, she had to take a leave of absence from her job and continued under her doctor's care for months. Ms. Scoon directed the Plaintiff to return to work on a part-time basis in October 2021 and made the following statements based on the Plaintiff requesting Advance Leave. She stated the following, "There is no reasonable expectation that you will return to duty............." Although the Plaintiff had returned to work part-time on October 4, 2021, on her CWS Day-off and worked the entire month, Ms. Scoon decided that she would not pay the Plaintiff for the entire month. Why would a supervisor make such a disrespectful statement to an employee? Even if she thought about it, she should not have typed it in an email message. Did she make the statement because it was her intention for the Plaintiff not to return to duty? In addition, the voluntary leave donation that Plaintiff received and used during the month of September 2021 was removed which meant that the Plaintiff owed a debt to the Federal Government. The Agency removed a total of $640.00 for ten pay periods from the Plaintiff's paycheck. Ms. Scoon later made the Plaintiff work another month (October 2021) on a part-time basis. Maybe her intent was to force the Plaintiff to suffer hardship for not being paid for the last two months (September and October 2021) and then placed the Plaintiff on a part-time basis for the third month (November 2021). That could have possibly been what she meant when she made the two derogatory statements, "there is no reasonable expectation that you will return to duty." And . "For one, I do not reasonably foresee you returning to duty full-time and long enough to repay the requested advance leave, which will take a considerable amount of time to repay." She was hopeful that the Plaintiff would just decide to retire. That same month Ms. Scoon assigned Ms. Washington as the Plaintiff's supervisor, and she later decreased

Plaintiff's Performance rating to below Fully Successful. The two also attempted to have the Plaintiff fired from her position.

The following complaint is based on disability, prior EEO Activity and retaliation (Agency Case Numbers VA 0705-200C-2023-152748 and 0705-200C-2024-154666)

The claims are as follows:

(1) On August 4, 2023, the Plaintiff's supervisor (Ms. Vernell Washington) intentionally assigned Plaintiff work on the same date as her scheduled court date against the Agency (U.S. District Court of the District of Columbia;

(2) On September 13, 2023, the Director informed Plaintiff that she would be placed on a leave restriction. Although she placed Plaintiff under Ms. Washington, she also continued to harass the Plaintiff;

(3) On September 29, 2023, Plaintiff's supervisor accused Plaintiff of failing to include information directly related to a Veteran being discriminated against by a VA employee. All information was included but supervisor refused to give the Plaintiff any credit;

(4) On October 5th through 10th, 2023, Plaintiff's supervisor made derogatory comments via email directly to Plaintiff

. There are email messages which were sent which documented the statements;

(5) On April 19, 2023, Management denied Plaintiff an opportunity to attend training. When Plaintiff asked, Ms. Washington refused to respond to her request but allowed all other employees within the office to attend;

(6) On June 2, 2023, the timekeeper told Plaintiff that there was no way to manually upload her deferred leave. The timekeeper was instructed by management to respond accordingly;

(7) On April 19, 2023, Plaintiff became aware that she had been charged 63 hours of AWOL. Plaintiff was placed on AWOL without her knowledge. Once she observed that this was done, she brought it to the attention of management;

(8) On or around March 24, 2023, Plaintiff's supervisor refused to allow her to obtain access to CyberFEDS. The Director forwarded information to all employees within the office to obtain access but when the Plaintiff requested it, she was denied;

(10) On April 19, 2023, Plaintiff's supervisor refused her request to attend VA Executive Women in Motion (VA*EWIM) training. All other employees were allowed to attend the training but the Plaintiff was denied to attend;

(11) On July 20, 2023, Plaintiff's first-and second-line supervisors told her that comments she made during a PWD/PWTD meeting were inappropriate and continued

to harass her by asking for information and then claiming she did not provide the requested data. The supervisor also stated that she employees complained but failed to provide any names to Plaintiff;

(12) On August 18, 2023, her supervisor insisted that she failed to ensure that the Women's Equality Day Program Flyer was 508 compliant when it had already been checked for compliance. The supervisor had no idea how to check for compliance and the Plaintiff had to explain it in detail to the supervisor; and

(13) on September 13, 2023, Plaintiff's first-and second-line supervisors accused her of not informing a guest speaker for the Hispanic Month program that he would address the field by himself rather than be part of a panel. Microsoft Team IM's and email messages are to show that the employee was aware that they were not participating on a panel discussion and was the only employee speaking.

The following complaint is based on disability, prior EEO Activity and retaliation Agency Case Number VA-0705-200C-2024-155735).

The claims are as follows:

(1) On or about October 20, 2023, Plaintiff's supervisor accused her of having sex with the former ORMDI Chief of Staff. The ORMDI sexual harassment case is in the public domain for viewing purposes. The supervisor was hoping that the Plaintiff would agree to join forces with she and their Director Ms. Lois Scoon to file a sexual harassment case against the Chief of Staff. All records associated with the VA ORMDI sexual harassment case is in Congress;

(2) On January 5, 2024, Plaintiff's supervisor requested a link for the VBA Strategic Plan and upon receipt, stated that the link was incorrect. The link was obtained from a VBA Office of Executive Review staff employee and was accessible. The supervisor continued to insist that the link was inaccessible but it was and still is accessible;

(3) On January 22, 2024, Plaintiff's supervisor questioned whether she established her personal email address for personal use or profit because she believed it was too similar to her work email address. The email message is available to viewing purposes;

(4) In March 2023 through January 2024, the Agency failed to stop the harassment/hostile work environment and retaliation that Plaintiff reported that she was being subjected to by her first-and second-line supervisors (Ms. Vernell Washington and Lois Scoon). The Plaintiff reached out to everyone inside and outside of the Agency for assistance, but no one would provide any assistance. The list of Agencies is provided above. The Plaintiff continued to be harassed by both supervisors which caused her an inordinate amount of stress and anxiety. She continually had headaches and experienced health concerns.

Once the appellate filed a Harassment Prevention Program complaint, she was moved to a new office. Since that time, appellate has continued to contribute to the organization and her Performance rating has gone up instead of down.

If there are any questions, I can be reached at ormgbrow@gmail.com or via cell phone at (202) 975-9427.

Respectfully Submitted,

Gayle Brown, Pro Se
806 Van Buren St. NW.
Washington, D.C. 20012

cc: Department of Veterans,
Office of Resolution Management
(810 Vermont Ave. N.W.,
Washington, DC 20420)

Dated, February 27, 2026