UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GAYLE D. BROWN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DOUGLAS A. COLLINS**, *in his official capacity as Secretary of the Department of Veterans Affairs*,<br><br>**Defendant.** | **Case No. 26-cv-00708 (APM)** |

## ORDER

Defendant Douglas Collins, in his official capacity as Secretary of the Department of Veterans Affairs, seeks dismissal of pro se Plaintiff Gayle D. Brown's complaint. Def.'s Mot. to Dismiss Pl.'s Compl. for Failure to Comply with Fed. R. Civ. P. 8(a), ECF No. 5 [hereinafter Def.'s Mot.]. The motion is denied.

Defendant first contends that "the Complaint is devoid of any reference to a basis for this court's jurisdiction, nor does it provide any statutory basis for Plaintiff's claims." *Id.* at 2. But reading the complaint liberally, as the court must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it is evident that Plaintiff asserts claims of disability and retaliation under the Rehabilitation Act. *See* Compl., ECF No. 1 [hereinafter Compl.], at 4–5 (alleging that the "complaint is based on disability, prior EEO Activity and retaliation"); *Solomon v. Vilsack*, 628 F.3d 555, 559 (D.C. Cir. 2010) (stating that the Rehabilitation Act "protects federal employees from discrimination based on their disabilities"); *Solomon v. Vilsack*, 763 F.3d 1, 13–14 (D.C. Cir. 2014) (discussing retaliation claim under the Rehabilitation Act).

Next, Defendant contends that "the Complaint does not clearly establish which portion of the filing constitutes the 'complaint' to which Defendant must respond, and which portion constitutes exhibits to which no response is required." Def.'s Mot. at 2. But the complaint contains no exhibits, *see generally* Compl., and it clearly delineates the "claims," *id.* at 4–5. There should be no confusion as to what constitutes Plaintiff's complaint.

Defendant also asserts that the complaint is not presented in a "digestible or comprehensive manner," Def.'s Mot. at 3 (internal quotation marks and citation omitted), but the pleading runs a mere six pages, sets forth relevant dates, and identifies various adverse employment actions. That is sufficient to satisfy Rule 8's "short and plain statement" requirement. Fed. R. Civ. P. 8(a).

Finally, Defendant complains that Plaintiff fails to set forth her allegations in numbered paragraphs, as required by Rule 10(b). Def.'s Mot. at 3. But Plaintiff's "claims" are set forth in numbered paragraphs. Compl. at 4–6. Rule 10(b) requires Plaintiff to do no more. Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs").

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 5, is denied.

Dated: October 27, 2026

Amit P. Mehta
United States District Judge